LOBRANO, Judge.
The issue in this appeal is whether the Jefferson Parish Council had the authority to amend the parish’s 1993 budget after the start of the fiscal year and if so whether the amending ordinance was validly adopted.
On December 16, 1992 the Jefferson Parish Council adopted Ordinance No. 18653, the budget ordinance for fiscal year 1993.[1] This budget ordinance was timely and properly advertised and all procedural requirements of the Parish Charter and the Local Government Budget Act (La.R.S. 39:1301, et seq.) were satisfied. On January 6, 1993 the Parish Council adopted ordinance 18672 which re-adopted and amended the budget ordinance of December 16th. That amending ordinance included the abolition of two departments, eliminated the position of executive assistant to the Parish President, removed two revenue sources (video poker and off-track betting) from the budget, and reduced appropriations from various budgetary units.[2] This amending ordinance was *303 adopted pursuant to the charter requirements for adopting all ordinances. That is, the summary of the ordinance was timely introduced and published, the entirety of the ordinance was timely filed with the Council Clerk, and it was adopted at an open Council meeting.[3]
Subsequent to the Council’s adoption of the amending ordinance, Parish President Mike Yenni and parish employee, Angela Pa-caccio,[4] instituted these proceedings seeking declaratory and injunctive relief against the Council’s implementation of the ordinance. Named as defendants are the various council members in their capacities as the duly elected Jefferson Parish Council.
After a hearing on the matter, the District Court concluded that since the Parish Charter does not contain specific authority or requirements for budget amendments, the Parish Council must be guided by La.R.S. 39:1301, et seq., the Local Government Budget Act. The court then concluded that the notice requirements of that act were not complied with in a sufficient and timely manner. In particular, the trial judge noted that both the Charter and Budget Act requires that a detailed, comprehensive explanation of revenues and expenditures must be made available for public inspection prior to adoption of the original budget and that the public must be advised of its availability for inspection. The trial court contrasted those notice requirements with the Charter-required publication of summaries for adoption of ordinances in general and held that it was insufficient for a budget amending ordinance. In essence, the trial court’s ruling prevents the Council from amending the budget by ordinance adopted in conformity with Charter requirements for ordinances in general.
The Parish Council subsequently perfected this appeal. However, on March 10,1993 the Council adopted ordinances 18710 through 18713 which sought various budget amendments similar to the amending ordinance of January 6, 1993.[5] Yenni and Pacaccio filed a supplemental petition seeking injunctive relief with respect to those ordinances. In addition, they sought contempt proceedings.
The trial court granted the relief sought and issued another preliminary injunction with respect to those ordinances on March 29, 1993. The Parish Council sought supervisory writs requesting a stay of the contempt proceedings until resolution of this appeal. This Court granted the stay and consolidated the Council’s writ application with these proceedings.
The Parish Council argues the trial court failed to distinguish the difference between the legal requirements for adoption of the original budget and the requirements for an amendment to that budget. It asserts that, as the “legislative and policy making body of the parish,” it has the authority to amend the budget by ordinance and that the requirements of the Budget Act (La.R.S. 39:1301, et seq.) are not applicable to budget amendments.
Appellees argue that the Parish Charter does not give the Council the authority to amend the budget after its adoption, that the Council failed to follow the requirements of Section 4.02(C) and (D)[6] of the Parish Charter in adopting the amending ordinance and *304 that before the Council can abolish any departments, it must consult with and obtain the recommendation of the Parish President, citing a pari materia reading of Article 4, section 4.01(b) and Article 2, section 2.01(a)(5) of the Parish Charter. They also argue the Charter required Personnel Rules were violated.
The Parish of Jefferson is governed by a Charter adopted on November 5, 1957. With the passage of the 1974 Constitution, every local governmental subdivision retained the powers granted by its charter unless inconsistent with the Constitution. La. Const. Art. VI, Sec. 4; see also, Francis v. Mortal, 455 So.2d 1168 (La.1984). In affairs of local concern, a home rule charter government possesses powers within its jurisdiction that are as broad as that of the state except when limited by the constitution, laws permitted by the constitution or the home rule charter itself. Francis v. Mortal, supra. Article VI of the 1974 Constitution supports the reasoning of Francis v. Mortal that home rule entities are bestowed with much broader powers and immunities than under previous constitutions. As a result, it is appropriate that those powers “should be construed fairly, genuinely and reasonably and any claimed exception to them should be given careful scrutiny by the courts.” Francis v. Mortal, supra at 1173. (emphasis added).
Section 2.01(A) of the Jefferson Parish Charter provides that:
“The Parish Council shall be the legislative and policy making body of the parish and shall have authority ... to exercise all powers of the parish, and to adopt such ordinances and resolutions as may be proper in the exercise thereof.”
Section 2.06 provides for the council’s organization, meetings and rules, while Section 2.07 provides the requirements for the adoption of ordinances. Section 4.02 sets forth the financial administration of the Parish, including the requirements in adopting the parish budget.[7] Although the Charter provides no specific requirements for amending the budget after its adoption, section 4.02(E) does allow the council by ordinance, to transfer “any unencumbered appropriation balance, or any portion thereof, from one department, fund, or agency to another, unless otherwise prohibited by law.”
The Parish President is the chief administrative officer of the parish, and as such, “responsible to the Parish Council for carrying out policies adopted by the Council and for the administration and supervision of all parish departments, offices, agencies and special districts.” A fair reading of the Charter results in the clear understanding that the government of Jefferson Parish is not divided between a legislative and executive branch in the traditional sense. There is no balance of power between the Parish President and the Council. Of particular importance is the fact that the Parish President has no veto power over Council legislation. In effect, the president manages the business affairs of the parish in accordance with the policies determined by the Council and as set forth in the Charter. Germane to this case are the Charter established duties of the Parish President with respect to preparing and submitting for approval the parish budget. However, the Charter makes no specific mention of any responsibilities of the president with respect to an amended budget except in Section 4.02(F) which requires a quarterly report to the Council with respect to allotments within specified budget appropriations. That section allows the president to limit allotments if income is less than anticipated.
Initially we note that the amending ordinance was procedurally proper according to the Charter requirements. That is, had the ordinance been one dealing with any matter other than a budget amendment, there could have been no procedural objections to its validity. However appellees argue because the ordinance amended the budget, the Council was without authority to do so, and that simply satisfying the ordinance requirements of the Charter was not sufficient. We disagree.
*305 Interpreting Jefferson Parish’s Charter pursuant to the rationale of Francis v. Mortal, supra, convinces us that the Council does have the authority to amend its budget during the affected fiscal year. There are no Charter provisions, nor state statute nor Constitutional provision which prohibit the Council from doing so. The Local Government Budget Act provides the minim/im standards which must be satisfied by a political subdivision in adopting its budget. La.R.S. 39:1303; Tardo v. LaFourche Parish Council, 476 So.2d 997 (La.App. 1st Cir.1985). Nothing in that act suggests that the Parish Council cannot amend its budget. In fact, La.R.S. 39:1309 provides for two instances where it is mandatory that the governing authority amend its budget.[8] Appellees argue that because the Charter provides only two instances where budget amendments are specifically set forth (Sec. 4.02(E) and (F)), there is an implicit prohibition against any other amendments. We will not, by implication, curtail the Council’s authority. In our opinion prohibitions restricting the Council’s governing powers must be explicit.
Appellees argue, however, that the amending ordinance is invalid because neither the Charter requirements, nor the Budget Act requirements, were satisfied. The contrary argument is that those requirements (both Charter and Budget Act) apply only to the adoption of the original budget prior to the fiscal year and not to any subsequent amendments. Without expanding his decision beyond what was necessary, the trial judge concluded that the published summary of the amending ordinance was insufficient notice under the Budget Act. His reasons suggest he was strongly persuaded by the fact that the summary of the amending ordinance failed to give the detail provided when the original budget was adopted.[9]
Although we understand the trial judge’s concern for public notification, the Budget Act and the Charter are silent as to any minimum requirements for amending the budget. The provisions relied on by appel-lees and the trial judge clearly apply to the adoption of the original budget and everyone agrees that the original budget was adopted in conformity with those requirements. However, in the absence of guidelines in the Charter or Budget Act, this Court will not legislate minimum requirements for budget amendments. That responsibility rests with the State Legislature and the people of Jefferson Parish. The record is clear that the ordinance amending the budget was adopted in accordance with the Charter requirements for ordinances in general and therefore it is valid.
Appellees further argue that the amending ordinance violates other Charter provisions and therefore is invalid. Specifically he urges that because the budget amendment eliminated two departments, sections 4.01(b) and 2.01(A)(5), when read together, were violated.
Section 2.01(A)(5) provides that the Council may:
“By ordinance abolish or consolidate any parish department, office, or agency, or provide for the consolidation and transfer of any of the functions of such departments, offices, or agencies subject to Section 4.01(B) ...”
Section 4.01(B) provides:
“There shall be departments of finance, personnel, planning, law, and such other *306 departments, offices, and agencies within the framework provided by this Charter as may be established by ordinance after consultation with the Parish President. The Council may create offices or departments only upon recommendation of the Parish President.”
Because the amending ordinance eliminates two departments, appellees argue that the above Charter provisions required the Council to consult with him prior to its adoption. We disagree. The cited Charter provisions are plain and unambiguous. Section 2.01(A)(5) permits the Council, by ordinance, to abolish or consolidate any parish department, or transfer their functions. Section 4.01(B) limits the Council’s authority to create new departments or offices by requiring consultation with the Parish President and establishes the departments of finance, personnel, planning and law which cannot be abolished by the Council despite Section 2.01(A)(5). The amending ordinance abolishes two departments that are not one of these four. No new departments were created thus consultation was not required.
Finally appellees argue that the personnel rules adopted by the personnel board in accordance with Section 4.03 of the Charter were ignored by the Council in eliminating the two departments identified in the • amendment. They urge the Council cannot ignore those rules. We find no merit in this argument.
The personnel rules (Rule XIII) deal with day to day employee decisions. The lay-off and dismissal procedures followed by the Personnel Board has no application in those situations where positions and/or departments are eliminated. The Council did not violate any personnel rules by amending the budget in the fashion that it did.
We hold that all the procedural requirements of the Charter were satisfied when the Council adopted Ordinance No. 18672 on January 6, 1993. We also hold that the Council had the authority to amend the budget by ordinance, and that, in the absence of legislative pronouncements to the contrary, the only legal requirements applicable are those Charter provisions dealing with ordinances in general. Although we can appreciate, in theory, the idea that perhaps budget amendments should have stricter and more detailed public notification requirements, we simply will not legislate those requirements.
Accordingly, we reverse the judgment of the trial court and dissolve the preliminary injunction issued with respect to Ordinance 18672. Further, we grant the writ application of the Council with respect to Ordinance 18710, 18711, 18712 and 18713 and dissolve the preliminary injunction issued as to those ordinances. Because we have dissolved the preliminary injunction with respect to Ordinance 18672, the rule for contempt is moot.
REVERSED AND RENDERED.
WARD, J., dissents with reasons.

. The fiscal year for Jefferson Parish is the calendar year.

. In Section One of Ordinance 18672 there are subsections A thru T. Subsection A contains the re-enactment language for the original budget. *303 Subsections B thru T are the specific budget amendments. For purposes of this opinion we only discuss the specific amendments which form the basis of the legal arguments presented by the parties.

. Section 2.07 of the Home Rule Charter of Jefferson Parish sets forth the requirements for adoption of an ordinance.

. Pacaccio is a thirteen year employee of Jefferson Parish employed in one of the departments to be abolished by the amending ordinance.

. Apparently, the Council adopted these ordinances to conform with the trial court’s prior ruling with respect to notice. In essence, they basically accomplish the same objective as Ordinance 18672.

.Section 4.02(C) provides, in part:
“Not less than 60 days before the end of the fiscal year, the Parish President shall recommend to the Parish Council a proposed budget presenting a complete financial plan for the ensuing fiscal year.”
Section 4.02(D) provides:
"The proposed budget shall be summarized and advertised in the official parish newspaper and within 30 days thereafter the Parish Council shall hold hearings on and thereafter adopt the budget with or without amendments.”

. The parties all agree that the original budget adopted December 16, 1992 met the Charter requirements of Section 4.02.

. R.S. 39:1309 provides:
"When the governing authority has received notification pursuant to R.S. 39:1310, or there has been a change in operations upon which the original adopted budget was developed, the governing authority shall adopt a budget amendment in an open meeting to reflect such change. When an independently elected parish official has received notification pursuant to R.S. 39:1310(A), or when there has been a change in operations upon which the original adopted budget was developed, the independently elected official shall adopt a budget amendment and publish such amendment in the official journal as described by R.S. 39:1306(B). In no event shall a budget amendment be adopted proposing expenditures which exceed the total of estimated funds available for the fiscal year.”

. Before any ordinance is adopted by the Parish Council, the Charter requires that a summary be published at least a week prior to the time of hearing. That summary does not require the detail that the Parish Charter or the Budget Act requires when the original budget ordinance is proposed.