Dear Mayor Angelle:
A question has arisen concerning the procedure to amend the annual operating budget of the City of Carencro, which is governed by the provisions of the Lawrason Act, R.S. 33:321, et seq. You indicate that R.S. 39:1305(D) of the Louisiana Local Government Budget Act seems to allow the city to effect amendments to the annual operating budget either by ordinance or resolution, as the statute provides, in part:
 § 1305. Budget preparation
 A. Each political subdivision shall cause to be prepared a comprehensive budget presenting a complete financial plan for the ensuing fiscal year for the general fund and each special revenue fund.
 B. The chief executive or administrative officer of the political subdivision or, in the absence of such positions, the equivalent thereof shall prepare the proposed budget.
 * * * * *
 D. A budget proposed for consideration by the governing authority shall be accompanied by a proposed budget adoption instrument. The budget adoption instrument for independently elected parish offices shall consist of a letter from the independently elected official authorizing the implementation of the adopted budget. The budget adoption instrument for any municipality, parish, school board, or special district shall be an appropriation ordinance, adoption resolution, or other legal instrument necessary to adopt and implement the budget document. The adoption instrument shall define the authority of the chief executive and administrative officers of the political subdivision to make changes within various budget classifications without approval by the governing authority, as well as those powers reserved solely to the governing authority. (Emphasis added).
Our review of the foregoing statute indicates that the phrase "adoption resolution" is a reference to the procedures appropriate for political subdivisions other than a Lawrason Act municipality. The foregoing statute also references an "appropriation ordinance" as a budget adoption instrument, and it is this vehicle which should be utilized by a Lawrason Act municipality.
The procedures governing the enactment of ordinances in general in a Lawrason Act municipality are set forth in R.S. 33:406, copy attached. Interpreting R.S. 33:406, this office has recognized the distinction between a resolution and an ordinance, the latter carrying the force and effect of law, while the former expresses the opinion of the current administration. We attach a copy of Attorney General Opinion 93-616, wherein the author concludes that an ordinance cannot be amended by resolution or motion, but must be amended by another ordinance.
Finally, we enclose a copy of the case of Yenni vs. Parish Council ofthe Parish of Jefferson, 625 So.2d 301 (La.App. 4th Cir. 1993). Therein, the court noted at page 305:
 Although we understand the trial judge's concern for public notification, the Budget Act and the Charter are silent as to any minimum requirements for amending the budget. The provisions relied on by appellees and the trial judge clearly apply to the adoption of the original budget and everyone agrees that the original budget was adopted in conformity with those requirements. However, in the absence of guidelines in the Charter or Budget Act, this Court will not legislate minimum requirements for budget amendments. That responsibility rests with the State Legislature and the people of Jefferson Parish. The record is clear that the ordinance amending the budget was adopted in accordance with the charter requirements for ordinances in general and therefore it is valid. (Emphasis added).
In a similar vein to the reasoning of the court in Yenni, supra, we think that the annual operating budget should be amended in accordance with the statutory and jurisprudential law governing the amendment of ordinances in Lawrason Act municipalities, i.e., the annual operating budget must be amended by ordinance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams