STEWART, J.,
dissenting.
hThe plaintiffs made numerous allegations but the gist of their complaint is that Ordinances 700 and 701 were passed in violation of the Louisiana Local Government Budget Act (“LLGBA”). The majority wrongly agrees, and in doing so, relies on improper evidence, misinterprets the *216 ordinance amending the budget, and misapplies the law.
First, the majority improperly refers to evidence about the disclaimer audits that was presented in another case. State of Louisiana through James D. “Buddy” Caldwell v. Town of Jonesboro, et al., 108 So.3d 217 (La.App. 2 Cir.2012) was consolidated for arguments only with this matter. They are separate suits with distinct issues brought by different plaintiffs. No evidence adduced in the State’s suit should have been considered in deciding this matter. As provided in U.R.C.A. Rule 2-1.7, no record of another case shall be included in the record unless it has been introduced into evidence at trial in the case on appeal. Other than the mayor’s admission regarding the disclaimer audits, there was no evidence presented about the disclaimers in this matter. Plaintiffs could have called an auditor to testify about the Town’s fiscal state or provided other evidence to support their allegations, but they did not. The majority improperly relies on evidence presented in the State’s suit against the Town for appointment of a fiscal administrator to bolster the plaintiffs’ case and support the trial court’s ruling in this matter.
Second, the majority wrongly interprets Ordinance 700 as a “complete budget” or a “substitute budget” in that it “did not amend specific items but set forth a list of all estimated revenues and expenditures.” The majority appears to require that a budget amendment ordinance set forth laonly the specific amendments without restating the budget. If so, the majority imposes a requirement not provided by the LLGBA or any other law. Only La. R.S. 39:1310 addresses budget amendments. It does not specify any particular form for such amendments or prohibit a restatement of the budget incorporating the amendments as was done here. The record leaves no doubt that Ordinance 700 is a budget amendment. The caption of Ordinance 700, which is quoted in the majority opinion, identifies the ordinance as an amendment of Ordinance 575, the budget for the fiscal year ending June 30, 2011. Ordinance 700 includes the amendments and purports to be a balanced budget with total estimated revenues equaling total estimated expenses. Nothing in the record shows that Ordinance 700 is anything other than a budget amendment. Both the trial court and the majority are clearly wrong in finding otherwise.
Third, upon finding that Ordinance 700 is a “substitute” or “complete” budget, the majority, like the trial court, then proceeds to misapply the law by imposing on budget amendments those LLGBA provisions (La. R.S. 39:1305, 39:1308, and 39:1309) that apply when adopting the original budget for the fiscal year. See Yenni v. Parish Council of Parish of Jefferson Through Evans, 625 So.2d 301 (La.App. 4th Cir.1993), writ denied, 627 So.2d 642 (La.1993), noting that the LLGBA is silent as to minimum requirements for amending a budget and that the responsibility for providing such requirements belongs not to the courts, but to the state legislature and people of the parish.
|sThe record shows Ordinance 700 to be in compliance with La. R.S. 39:1310, the only provision that addresses budget amendments. It was adopted in an open meeting and, as stated, purports to be a balanced budget. The majority states that the amendments were based on “expected revenues from the state that the Town knew it would not receive” and that it was “inappropriate to count these funds as receivables.” No evidence in this record supports these conclusions. The record does indicate that the state had withheld funds from the Town due to its noncompliance with the audit laws. However, both the mayor and town clerk testified that the *217 Town was to receive funds that had been withheld. Plaintiffs offered no evidence to refute their testimony. The mayor testified that the budget was amended in part to take into account the additional revenue expected from the state. This could constitute a “change in operations” under La. R.S. S9:1S10(A). The statute does not define a “change in operations.” I would conclude that whether a change in operations necessitates amendment of the budget is a determination to be made by the governing authority for the political subdivision and that such determinations are to be afforded great discretion by the courts.
The record further shows that Ordinance 701, which increases the mayor’s salary, is not a budget amendment, though treated as such by the majority. Because it is not a budget amendment, it is not subject to the provisions of the LLGBA. Plaintiffs neither alleged nor proved that injunctive relief was warranted to enjoin enforcement of Ordinance 701.
[/The trial of this matter was mostly a “fishing expedition” by the plaintiffs for information about the town’s fiscal situation and the mayor’s administration. The trial court afforded plaintiffs great leeway in questioning witnesses beyond the alleged violations of the LLGBA that would entitle them to injunctive relief as prayed for in the petition. The plaintiffs produced no evidence to substantiate their many allegations. Nevertheless, the majority, as detailed above, relies on improper evidence, misinterprets the ordinances, and misapplies the law all in order to affirm the trial court’s wrongful judgment. No reasonable objective reading of this record would lead to the conclusions reached in the majority opinion.
For these reasons, I dissent.